**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**


No. 11-3683


CERISE CHECO, APPELLANT,


V.


ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.


Before HAGEL, LANCE, and SCHOELEN, *Judges.*

**O R D E R**

Cerise Checo appeals through counsel a July 6, 2011, Board of Veterans' Appeals (Board) decision that denied entitlement to an increased disability rating for lumbosacral spinal stenosis, including disk bulges at the L3-L4 and L5-S1 vertebrae, currently rated 20% disabling. Ms. Checo filed her Notice of Appeal more than 120 days after the date on which the Board mailed its decision, and she alleges that her homelessness prevented her from timely filing her Notice of Appeal.

This matter was referred to a panel of the Court to determine, where extraordinary circumstances are shown, (1) during what portion of the time to file a Notice of Appeal the appellant is required to demonstrate due diligence; and (2) if due diligence is shown, what portion of the time to file a Notice of Appeal is tolled. After hearing oral argument and reviewing the parties' pleadings, we conclude that, under the circumstances of this case, we need not answer either of these questions at this time. Rather, we conclude that Ms. Checo has not carried her burden of demonstrating that equitable tolling is warranted, and we will therefore dismiss her appeal as untimely.

**I. FACTS**

The facts of this case are sparse, due to the parties' lack of exposition. Meager though they be, the facts are undisputed. On December 7, 2011, Ms. Checo filed her Notice of Appeal from the July 2011 Board decision. Attached to her Notice of Appeal was a letter in which she advised the Court:

> Due to economic hardship, I've been homeless for extensive periods of time since July 2009, residing in shelters and temporary housing. During this time, I was unable to receive mail and did not learn about the hearing and subsequent decision until recently. A copy of the decision was mailed to me on 10/6/2011.

Notice of Appeal at 2. The Court ordered the Secretary to file a response addressing whether equitable tolling is warranted in this case. On April 2, 2012, the Secretary responded, conceding that

homelessness is an extraordinary circumstance that may, under certain circumstances, warrant equitable tolling. Nevertheless, the Secretary asserted that Ms. Checo had not met two of the three requirements for equitable tolling in extraordinary circumstances laid out by the Court in *McCreary v. Nicholson*, 19 Vet.App. 324 (2005), *adhered to on reconsideration at* 20 Vet.App. 86 (2006), namely causation and diligence. The Secretary noted that Ms. Checo contacted VA on September 27, 2011, to provide a new address, and that the Board re-sent its July 2011 decision to Ms. Checo's new address on October 6, 2011.

Ms. Checo sought leave to reply, which the Court granted. On July 19, 2012, Ms. Checo filed her reply, which was largely confined to the legal questions of the proper period of time to toll and the period during which diligence must be shown. Ms. Checo's reply did not provide any additional facts about the circumstances of her homelessness, assert that her homelessness was the cause of her late filing, or allege that she showed due diligence in any way.

## II. ANALYSIS

"In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed." 38 U.S.C. § 7266(a). Here, Ms. Checo's Notice of Appeal was due on or before November 4, 2011. Because her Notice of Appeal was untimely, it will not be accepted by the Court unless equitable tolling is warranted. *See Bove v. Shinseki*, 25 Vet.App. 136 (2011) (per curiam order) (holding that the 120-day filing period is subject to equitable tolling and addressing circumstances warranting equitable tolling).

Ms. Checo asserts that equitable tolling is warranted here because she was homeless, presumably between the date of the Board decision and at least September 27, 2011, when she provided VA a new address. However, her Notice of Appeal is particularly unclear on this point as it indicates only that she was "homeless *for extensive periods of time since July 2009*, residing in shelters and temporary housing." Notice of Appeal at 2 (emphasis added). The Secretary concedes that homelessness, in some cases, is an extraordinary circumstance that warrants consideration of equitable tolling. Secretary's Response at 2. The burden of establishing the elements of equitable tolling for extraordinary circumstances, however, rests on Ms. Checo. *See McCreary*, 19 Vet.App. at 332.

### A. Establishing Extraordinary Circumstances

The Court sadly acknowledges that homelessness among the nation's veterans is not uncommon. VA statistics show that, as of January 2011, "there were 67,495 homeless Veterans[, a]nd an estimated 144,842 Veterans spent at least one night in an emergency shelter or transitional housing program in a recent year." http://www.va.gov/HOMELESS/about_the_initiative.asp (last visited Jan. 3, 2013). The Secretary asserts that it is due to the pervasive nature of the problem that

he concedes that homelessness may be an extraordinary circumstance warranting equitable tolling. *See* Secretary's Response at 2.

Despite our recognition of the problem of homelessness among veterans, we are not bound by the Secretary's concession when considering whether *Ms. Checo's* homelessness is an extraordinary circumstance. *See Bove*, 25 Vet.App. at 140-41 (holding that the 120-day judicial appeal period is not subject to waiver or forfeiture by the Secretary); *see also McCreary*, 19 Vet.App. at 332 (holding that the Court will "evaluate the evidence presented and determine whether equitable tolling is appropriate on a case-by-case basis"). Indeed,

> no bright line rule or test exists for determining what constitutes an extraordinary circumstance. Judges must make such determinations on a case-by-case basis, undoubtedly taking solace from Justice Potter Stewart's famous statement that he would not attempt to define obscenity, but that "I know it when I see it."

*Nelson v. Nicholson*, 19 Vet.App. 548, 553 (2006) (quoting *Jacobellis v. Ohio*, 378 U.S. 184, 197 (1964) (Stewart, *Justice*, concurring). In any event, here, the Court will presume that Ms. Checo's homelessness constitutes an extraordinary circumstance.

### B. Equitable Tolling for Extraordinary Circumstances

Once the existence of an extraordinary circumstance has been shown (or, as here, presumed), the question becomes whether, as a result of that extraordinary circumstance, the 120-day time period to file a Notice of Appeal should be equitably tolled. In *McCreary*, the Court laid out a three-part test to answer this question:

> First, the extraordinary circumstance must be beyond the appellant's control. Second, the appellant must demonstrate that the untimely filing was a direct result of the extraordinary circumstances. Third, the appellant must exercise "due diligence" in preserving his [or her] appellate rights, meaning that a reasonably diligent appellant, under the same circumstances, would not have filed his [or her] appeal within the 120-day judicial-appeal period.

*McCreary*, 19 Vet.App. at 332 (citations and quotations omitted).

#### 1. Is the Extraordinary Circumstance Beyond the Appellant's Control?

With respect to the first factor, the Secretary concedes that Ms. Checo's homelessness was beyond her control. Specifically, the Secretary asserts that "[t]here is no indication in [Ms. Checo]'s claims file . . . that her homelessness was a result of her negligence or willful misconduct." Secretary's Response at 3. He also points to Ms. Checo's statement that "her homelessness was due to 'economic hardship'" to support his concession here. *Id.* The Court reiterates that the burden of demonstrating that equitable tolling is warranted, including showing that the extraordinary

3

circumstance was beyond her control, is Ms. Checo's alone. *McCreary*, 19 Vet.App. at 332. Although the facts surrounding Ms. Checo's homelessness are sparse and she does not expressly allege that her homelessness was beyond her control, the Court will presume, for the purposes of this case, that it was.

*2. Is the Extraordinary Circumstance the Direct Cause of the Untimely Filed Notice of Appeal?*

With respect to the second factor, direct causation, the parties are at odds. At oral argument, counsel for Ms. Checo asserted that the Secretary conceded this point in his response, relying on the Secretary's statement that, "[a]lthough Appellant's homelessness would have *delayed* her filing her [Notice of Appeal], there is no indication that her homelessness would have resulted in her untimely filing of her [Notice of Appeal]." Secretary's Response at 4. The Secretary disagreed with Ms. Checo's counsel's interpretation of his response and reaffirmed the Secretary's position that Ms. Checo has not demonstrated that her homelessness was the direct cause of her late filing. In rebuttal, Ms. Checo's counsel objected to having to assert facts that, if proven, would aid in establishing this element, again reasserting his belief that the Secretary had conceded this element. When asked, however, whether he could show that Ms. Checo's homelessness directly caused the untimely filing, Ms. Checo's counsel responded, "I guess not." Oral Argument transcript at 03:56.

That Ms. Checo's counsel misunderstood the Secretary's response matters not. Even when given the opportunity at oral argument, he did not explain how Ms. Checo's homelessness *directly caused* her to file her Notice of Appeal 33 days late. As Ms. Checo's counsel conceded at oral argument, the burden of meeting the requirements of *McCreary* lies with Ms. Checo. *See McCreary*, 19 Vet.App. at 332. Again, the Court emphasizes that Ms. Checo failed to provide *any* facts to support a finding of direct causation between her homelessness and her failure to file her Notice of Appeal within the 120-day judicial appeal period. Thus, the Court concludes, on the facts before it (or, perhaps more accurately, on the *lack* of facts before it), that Ms. Checo has not carried her burden.

*3. Did the Appellant Exercise Due Diligence in Pursuing Her Appeal?*

Even could Ms. Checo meet the second prong of the *McCreary* test, equitable tolling is still not warranted here because she has not even alleged, let alone demonstrated, that she exercised due diligence in filing her Notice of Appeal.

In this regard, the Secretary argues that Ms. Checo had 29 days between October 6, 2011, the date the Board re-mailed its decision, and the end of the 120-day judicial appeal period, but that she failed to demonstrate diligence during this time. Secretary's Response at 4. Ms. Checo, however, urges the Court to adopt a "stop-clock" approach to calculating the period to be tolled and, under this approach, asserts that she need only demonstrate diligence during the period sought to be tolled–here, from July 6, 2011, to October 6, 2011. Appellant's Reply at 3; *see, e.g., Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) (providing that a party who seeks equitable tolling as a result of extraordinary circumstances and who establishes causation need only show diligence during the period sought to be tolled).

4

Although the Court has not yet addressed the question of the time period during which diligence must be shown (i.e., during the entire 120-day appeal, during the period of extraordinary circumstances, during the period between the end of the extraordinary circumstances and the date of filing the Notice of Appeal, or during some other period), this case is not the one in which to wrestle with this question. This is so because Ms. Checo has neither alleged nor demonstrated diligence during *any* period of time.

Despite the Secretary's express statement in his response that Ms. Checo had not demonstrated diligence, Ms. Checo spent her entire reply arguing legal questions regarding the period during which diligence must be shown and the period of time to toll when tolling is warranted. Not only did Ms. Checo never assert that she acted diligently, she also never cited any actions that she took during *any part of the time* between the mailing of the Board decision on July 6, 2011, and the filing of her Notice of Appeal on December 7, 2011, that would tend to prove such diligence in pursuing her appeal. At oral argument, again despite the Secretary's repeated assertions that Ms. Checo had not shown diligence, her counsel failed to even assert that she acted diligently. In sum, she has again failed to carry her burden. *See McCreary*, 19 Vet.App. at 332.

### III. CONCLUSION

Because Ms. Checo's Notice of Appeal was untimely and she has not carried her burden of demonstrating that equitable tolling is warranted, we will dismiss her appeal as untimely.

Upon consideration of the foregoing, it is

ORDERED that this appeal is DISMISSED.

DATED: January 4, 2013                                            PER CURIAM.

Copies to:

Mark R. Lippman, Esq.

VA General Counsel (027)

5