# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 11-3683

CERISE CHECO,                                                              APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS,                                            APPELLEE.

Before HAGEL, LANCE, and SCHOELEN, *Judges*.

## O R D E R

Cerise Checo appealed through counsel a July 6, 2011, Board of Veterans' Appeals (Board) decision that denied entitlement to an increased disability rating for lumbosacral spinal stenosis, including disk bulges at the L3-L4 and L5-S1 vertebrae, currently rated 20% disabling. Ms. Checo filed her Notice of Appeal on December 7, 2011, more than 120 days after the date on which the Board mailed its decision, and she alleged that her homelessness prevented her from timely filing her Notice of Appeal.

In a January 4, 2013, order, a panel of the Court concluded that Ms. Checo had not demonstrated that equitable tolling was warranted and dismissed her appeal. In particular, the panel determined that Ms. Checo (1) had not demonstrated that her homelessness was the direct cause of her late filing and (2) had not alleged or demonstrated that she exercised due diligence in filing her Notice of Appeal. The Court did not address "the question of the time period during which diligence must be shown (i.e., during the entire 120-day appeal, during the period of extraordinary circumstances, during the period between the end of the extraordinary circumstances and the date of filing the Notice of Appeal, or during some other period)" because of Ms. Checo's failure to allege or demonstrate "diligence during *any* period of time." *Checo v. Shinseki*, 26 Vet.App. 130, 134-35 (2013), *reversed in part and vacated in part*, 748 F.3d 1373 (Fed. Cir. 2014).

On appeal, the United States Court of Appeals for the Federal Circuit (Federal Circuit) did not disturb the three elements required by this Court for an appellant to benefit from equitable tolling: (1) extraordinary circumstance; (2) causation; and (3) due diligence. *Checo*, 748 F.3d at 1378 (citing *McCreary v. Nicholson*, 19 Vet.App. 324, 332 (2005), *adhered to on reconsideration* at 20 Vet.App. 86 (2006)). The Federal Circuit agreed that Ms. Checo's homelessness qualifies as an extraordinary circumstance and found that Ms. Checo had demonstrated that her homelessness caused the late filing of her Notice of Appeal when she stated that, "while she was homeless[,] she

was unable to receive mail and did not learn about the hearing and subsequent decision" until October 6, 2011.[1]  *Id.* at 1378, 1381 (internal quotation omitted).

Regarding the remaining question of due diligence, the Federal Circuit concluded that it had jurisdiction to decide the question of the time period during which diligence must be shown, despite this Court's conclusion that Ms. Checo's sparse pleadings rendered such a determination unnecessary.  *See id.* at 1379 n.7 (citing *Linville v. West*, 165 F.3d 1382, 1384 (Fed. Cir. 1999) (stating that the Federal Circuit can review on appeal arguments that were ignored or rejected sub silentio by this Court)).  The Federal Circuit determined that "due diligence must only be shown during the requested tolling period, which can occur at any time during the statutory period." *Id.* at 1379 (citing *Harper v. Ecole*, 648 F.3d 132, 139 (2d Cir. 2011)).  In other words, the Federal Circuit adopted the "stop-clock approach," so called "because the clock measuring the 120-day appeal period is 'stopped' during the extraordinary circumstance period and starts ticking again only when the period is over." *Id.*

In adopting the "stop-clock approach," the Federal Circuit distinguished the extraordinary circumstance in *McCreary*, 19 Vet.App. at 333–a hurricane–where this Court required the appellant to show diligence throughout the entire appeal period, and Ms. Checo's extraordinary circumstance–homelessness–that had a definite end date.  *Checo*, 748 F.3d at 1380 (finding that "the *McCreary* standard is a fallback approach, one that is to be used only when the extraordinary circumstance period has no end date, such as the recovery period after a hurricane").  As a result, the Federal Circuit determined, based on the assertion by Ms. Checo–undisputed by the Secretary–that the period of extraordinary circumstances ended on October 6, 2011.  *Id.* at 1379 n.6.  Accordingly, to be entitled to equitable tolling, Ms. Checo must have exercised due diligence between July 6, 2011–the date of the Board decision–and October 6, 2011–the date on which the Board decision was resent to her at her new address.

The Federal Circuit reversed this Court's decision and remanded for reconsideration of entitlement to equitable tolling, which, in Ms. Checo's case, rests on the question of whether she demonstrated due diligence during the period of time she seeks to toll.  To determine whether Ms. Checo demonstrated the diligence necessary to permit equitable tolling the Court requires "'reasonable diligence'" under the circumstances, not "'maximum feasible diligence.'"  *Holland v. Florida*, 560 U.S. 631, 653 (2010) (finding that the "diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence'" (citations and internal quotation marks omitted)); *cf. McCreary*, 19 Vet. App. at 332 (requiring an appellant to demonstrate that he exercised "'due diligence' in preserving his appellate rights, meaning that a reasonably diligent appellant, under the same circumstances, would not have filed his appeal").  As the Court stated in *McCreary*, the "due diligence" standard does not require a showing of impossibility.  *Id.*

---

[1]  The Federal Circuit found that "Ms. Checo only needed to demonstrate causation between her homelessness and the period she sought to be tolled (i.e., the 91-day period [between July 6 and October 6, 2011])." 748 F.3d at 1381. In other words, Ms. Checo only needed to demonstrate that she was unable to file her Notice of Appeal due to homelessness during the relevant 91-day period; she did not need to demonstrate that she was unable to file her Notice of Appeal between October 6 and December 7, 2011.

Although the record in this case is sparse, there is some indication that Ms. Checo contacted VA to inquire as to her appeal in September 2011 and that her inquiry prompted VA to mail a copy of the Board's decision to the address she provided. *See Checo*, 26 Vet.App. at 132; *see also* Notice of Appeal at 2-3. For purposes of this case, the Court concludes that this is a sufficient demonstration of diligence during the period Ms. Checo seeks to toll.

Ms. Checo having established an extraordinary circumstance–homelessness–with a determinable end date and demonstrated, under the stop-clock approach, both (1) causation between her homelessness and the period sought to be tolled, and (2) due diligence during the period sought to be tolled, the Court concludes that the 120-day period for Ms. Checo to file her Notice of Appeal began to run on October 6, 2011, and her Notice of Appeal was due on or before February 3, 2012. Ms. Checo filed her Notice of Appeal on December 7, 2011, and it was therefore timely.

The Court will direct the Clerk of the Court to accept Ms. Checo's Notice of Appeal. The Court notes that the record before the agency was served on Ms. Checo on May 24, 2012. Accordingly, the Court will order Ms. Checo to file her brief not later than 60 days after the date of this order. The remainder of the briefing schedule will proceed in accordance with the Court's Rules of Practice and Procedure.

Upon consideration of the foregoing, it is

ORDERED that Ms. Checo's Notice of Appeal is accepted as timely. It is further

ORDERED that this matter is returned to the Clerk for further assignment to a single Judge in the normal course. It is further

ORDERED that Ms. Checo file her brief not later than 60 days after the date of this order.

DATED: August 29, 2014                                        PER CURIAM.