Citation Nr: 1814058 
Decision Date: 03/07/18 Archive Date: 03/14/18

DOCKET NO. 12-07 968 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUE

Entitlement to an effective date prior to July 30, 1998, for the grant of service connection for a psychiatric disability.


REPRESENTATION

Veteran represented by: Michael E. Wildhaber, Esq.


ATTORNEY FOR THE BOARD

R. E. Jones, Counsel





INTRODUCTION

The Veteran had active service from November 1970 to July 1971.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a January 2004 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia. This case is now under the jurisdiction of the RO in San Diego, California.

The Board notes that the January 2004 rating decision on appeal was originally made in error and not implemented by VA. However, in a July 2010 decision, the Board granted the Veteran's claim for entitlement to service connection for a psychiatric disability and the January 2004 rating decision was subsequently implemented in response to the Board's decision. The Veteran was notified of the implementation of the January 2004 rating decision in an August 2010 letter.

In a November 2014 decision, the Board denied entitlement to an effective date prior to July 30, 1998, for the grant of service connection for a psychiatric disability. The Veteran appealed the November 2014 Board decision to the United States Court of Appeals for Veterans Claims (Court). In a November 2015 order, the Court granted a Joint Motion for Remand (JMR), filed by the Veteran's attorney and a representative from VA's Office of General Counsel. The Court order vacated the Board's November 2014 denial decision, and remanded the case to the Board for action consistent with the JMR.

In a March 2016 decision, the Board again denied an effective date prior to July 30, 1998, for the grant of service connection for a psychiatric disability. The Veteran appealed the March 2016 Board decision to the Court. In August 2017, the Court issued a Memorandum Decision vacating the Board's March 2016 decision, and remanded the case to the Board for action consistent with that decision.


FINDINGS OF FACT

1. An April 1993 rating decision denied the Veteran entitlement to service connection for a psychiatric disability; the Veteran timely filed a notice of disagreement as to that denial, but did not file a substantive appeal following issuance of a July 1994 statement of the case (SOC).

2. Due to the combined effect of the Veteran's homelessness and mental illness, these circumstances beyond his control prevented him from filing a timely substantive appeal, and he was unable to be a reasonably diligent appellant under the circumstances. 

3. The 60 day period for filing a substantive appeal following issuance of the July 2014 SOC is equitably tolled.

4. The Veteran has had a depressive disorder ever since service, and his claim for service connection for a psychiatric disorder was received on August 14, 1992.


CONCLUSION OF LAW

The criteria for an effective date of August 14, 1992, for the grant of service connection for a psychiatric disability have been met. 38 U.S.C. § 5110 (2012); 38 C.F.R. § 3.400, (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Legal Criteria

The assignment of effective dates for the grant of service connection is governed by 38 U.S.C. § 5110 and 38 C.F.R. § 3.400. Generally, the effective date of a rating and award of pension, compensation, or dependency and indemnity compensation based on an original claim, a claim reopened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400.

Equitable tolling is available where a veteran experiences "extraordinary circumstances." McCreary v. Nicholson, 19 Vet. App. 324 (2005). Equitable tolling is available where the following three requirements are met: (1) the extraordinary circumstance must be beyond the claimant's control, (2) the claimant must demonstrate that the untimely filing was a direct result of the extraordinary circumstances, and (3) the claimant must exercise due diligence in preserving his or her appellate rights such that a reasonably diligent appellant under the same circumstances also would not have filed a timely appeal. Id. 

History and Analysis

The Veteran submitted a claim for service connection for a psychiatric disability in August 1992. In an April 1993 rating decision, the RO denied the Veteran's claim. In March 1994, the Veteran submitted a timely notice of disagreement as to that decision. In July 1994, the Veteran was issued a statement of the case as to the issue of entitlement to service connection for a psychiatric disability. The Veteran did not submit a substantive appeal within 60 days of issuance of the July 2014 statement of the case.

On July 30, 1998, VA received the Veteran's claim for entitlement to service connection for a psychiatric disability. In an October 1998 letter, VA notified the Veteran that the issue of service connection for a psychiatric disability was denied in April 1993, and that he would need to submit new and material evidence to reopen the claim. The Veteran was eventually granted service connection for major depression in a January 2004 rating decision, which was implemented in response to a July 2010 Board decision, effective July 30, 1998, the date that his petition to reopen the claim for service connection for a psychiatric disability was received.

The Veteran argues that the benefit of equitable tolling applies in his case such that the 60-day period for filing a substantive appeal did not run following issuance of the July 1994 statement of the case, and that he should be awarded an earlier effective date for the grant of service connection for a psychiatric disability. On his October 2010 notice of disagreement (NOD) the Veteran asserted that he is entitled to an effective date of August 14, 1992, the date his original claim for service connection for a psychiatric disability was received. As a basis for his assertion that equitable tolling applies, the Veteran has argued that he did not receive the SOC, that he was homeless at that time, and that his mental illness affected his awareness and abilities.

In the August 2017 Memorandum Decision, the Court stated that the March 2016 Board denial erred when it addressed each factor in isolation instead of addressing whether the combination of the Veteran's homelessness and mental illness presented an extraordinary circumstance. The Board now finds that considering the Veteran's homelessness and mental illness together, equitable tolling of his deadline to submit a substantive appeal following the July 1994 SOC is established. 

The Court and the United States Court of Appeals for the Federal Circuit (Federal Circuit) have both recognized that homelessness constitutes an extraordinary circumstance that may, under certain circumstances, form the basis for tolling the deadline for filing an appeal of a Board decision to the Court, and that equitable tolling may also apply to deadlines for filing substantive appeals. See Checo v. Shinseki, 748 F.3d 1373, 1378-79 (Fed. Cir. 2014); Checo v. McDonald, 27 Vet. App. 105, 106 (2014); see also Hunt v. Nicholson, 20 Vet. App. 519, 524-25 (2006) (holding that equitable tolling applies to deadlines for filing substantive appeals to the Board). 

The Federal Circuit has also recognized that equitable tolling may be appropriate due to mental illness when the mental illness renders a veteran incapable of handling his own affairs or unable to function in society. See Barrett v. Principi, 363 F.3d 1316, 1321 (Fed. Cir. 2004). 

The record supports the Veteran's reports that he was homeless at the time the SOC was mailed to him and that he did not receive the SOC. During that time period the record indicates that the Veteran had several addresses. His address in February 1994 was in Garden Grove, California. His address in March 1994 was in Seal Beach, California, and his address in April 1997 was in Anaheim, California. 

In addition to the Veteran not receiving the July 1994 SOC, the record indicates that the Veteran's mental disorder greatly impaired the Veteran's ability to handle his own affairs and his ability to function in society. The record contains VA treatment records dating from January through October 1997 that show that the Veteran was loud, argumentative and verbally abusive during his treatment interactions. 

A May 1998 statement from the Veteran's VA psychologist notes that the Veteran had cognitive problems, including difficulty concentrating, confusion and disorganization. In April 1999, the VA psychologist stated that the Veteran had markedly impaired abilities to understand and remember detailed instructions and to make plans independently of others. She stated that the Veteran's problems had been of several years' long standing.

In a January 2016 letter, a VA physician stated that as a result of his mental illness, the Veteran could not utilize appropriate judgment or rational thought to file for disability based on his mental condition. He further stated that during the entire time which the Veteran had been under his care, he had not been able to take appropriate care of himself or function normally in society. The VA physician opined that the Veteran had been totally and permanently disabled due to his psychiatric illness since at least 1995.

The Board finds that the Veteran's homelessness was an "extraordinary circumstance" in which equitable tolling is justified. See Checo, 748 F.3d at 1378-79. Although the Veteran did not remain homeless during the entire period under consideration, the Board must also consider the Veteran's mental incapacity during this period. The Board finds that the medical evidence discussed above indicates that during the period from July 1994 to July 30, 1998, the Veteran was unable to take appropriate care of himself or function normally in society. The record indicates that these extraordinary circumstances were beyond the Veteran's control, that the untimely filing was beyond the Veteran's control, and that the Veteran did not have the capacity to exercise due diligence in preserving his appellate rights. Accordingly, in the Veteran's case, equitable tolling of his deadline to submit a substantive appeal following the July 1994 SOC is established. See Barrett, 363 F.3d at 1321.

Due to equitable tolling, the Veteran's appeal of the April 1993 rating decision denying service connection of a psychiatric disorder is considered to have been timely filed. Consequently, in this case the date of claim for service connection for a psychiatric disorder is August 14, 1992. This is the date VA first received a claim from the Veteran for service connection for a psychiatric disorder. The Board finds that entitlement arose prior to August 14, 1992. The Board recognizes that the Veteran's service treatment records indicate that the Veteran had a personality disorder and that on VA examination in January 1993 the diagnosis was personality disorder. However, a subsequent VA examiner pointed out that the STRs also indicated that the Veteran was depressed and have opined that the earlier diagnoses of a personality disorder were incorrect. In January 2016, a VA physician opined that the Veteran had had major depression ever since service. Accordingly, as the date of receipt of claim is later than the date entitlement arose, an effective date of August 14, 1992 for the grant of service connection for a psychiatric disorder is warranted. 38 C.F.R. § 3.400. 


ORDER

Entitlement to an earlier effective date of August 14, 1992, for the grant of service connection for a psychiatric disability is granted.




____________________________________________
Donnie R. Hachey
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs