# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 17-1214

REGINALD C. SMITH, APPELLANT,

V.

ROBERT L. WILKIE,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before DAVIS, *Chief Judge*, and BARTLEY and TOTH, *Judges.*

## O R D E R

**I. Mr. Smith was incarcerated when he missed the deadline to appeal the Board decision.**

Veteran Reginald C. Smith was incarcerated when he missed the deadline to appeal a Board of Veterans' Appeals (Board) decision. He argues that his incarceration warrants tolling the deadline. On November 28, 2016, the Board mailed its decision that remanded Mr. Smith's claim for service connection for headaches and determined that no new and material evidence had been submitted to reopen his claim for an acquired psychiatric disorder, to include depression. On April 28, 2017, Mr. Smith filed his Notice of Appeal (NOA), more than 120 days after the Board mailed its decision.[1] The 120th day after the mailing—the last day to file a timely appeal—was March 28, 2017. 38 U.S.C. § 7266(a). Mr. Smith attached to his NOA a statement indicating that he was incarcerated from September 21, 2015, until April 5, 2017, was homeless, and would be an inpatient at the St. Cloud VAMC until May 25, 2017. *See* Attachment to Mr. Smith's Apr. 28, 2017, NOA. He further stated that after he had received the Board decision denying his claim, he contacted Disabled American Veterans (DAV), who had represented him before the Board, to file an appeal. *Id.* Mr. Smith asserted that DAV could not "correspond" with him within the appeal deadline set by the Board because of his incarceration, but it was his understanding that they would continue his appeal. *Id.*

On May 31, 2017, the Clerk of the Court ordered Mr. Smith to show cause why his appeal should not be dismissed as untimely and advised him that failure to respond may result in the dismissal of his appeal without further notice. On August 2, 2017, Mr. Smith, through counsel, filed a response very similar to his statement that was attached to his NOA. Specifically, Mr. Smith asserted that (1) he was represented by the DAV before the Board; (2) he was incarcerated from September 21, 2015, to April 5, 2017; (3) on March 6, 2017, he contacted DAV and asked that an appeal be filed; and (4) his appeal was not timely filed by the DAV. *See* Appellant's Aug. 2, 2017, Response.

---

[1] The Court notes that the NOA was faxed from a VA medical center (VAMC) in St. Cloud, Minnesota, and signed by Mr. Smith.

On October 10, 2017, this matter was referred to a panel of the Court to address whether incarceration alone constitutes an extraordinary circumstance that warrants tolling of this Court's appeal period. On October 31, 2017, the panel issued a second show cause order, stating that because Mr. Smith alleged that DAV could not correspond with him as a result of his incarceration, "additional information and evidence is needed regarding the circumstances of [his] incarceration, any alleged inability to communicate during the appeal period, or any other circumstances warranting tolling." Court's Oct. 31, 2017, Order. In his February 28, 2018, response, Mr. Smith provided no additional details regarding his incarceration. He stated that both he and his attorney repeatedly contacted DAV, "but they are refusing to provide any information regarding this matter, or why this appeal was filed late." Appellant's February 28, 2018, Response at 1-2. Specifically, Mr. Smith asserted that DAV "will not release their call logs, records, or provide any statement to support [his contention] that he asked them to file the appeal on his behalf (due to his incarceration)," and they have not responded to his attorney's similar request. *Id.*

On March 20, 2018, the Secretary replied to Mr. Smith's response, asserting that Mr. Smith "provided no additional details whatsoever concerning his incarceration and why it purportedly left him unable to take action toward initiating an appeal. Rather, his efforts were concentrated on the latter part of his allegations, namely that the DAV failed to take any action on his behalf." Secretary's Response at 3-4. The Secretary noted that Mr. Smith neither specifically identified whom he asked to file his appeal nor stated whether there was an engagement agreement with DAV that would have permitted DAV to file an NOA. *Id.* at 4. In addressing whether incarceration warrants equitable tolling, the Secretary asserted that incarceration may not be "characterized as a circumstance that is beyond one's control" because incarceration is "a result of one's own actions." *Id.* at 5. Additionally, the Secretary noted that Mr. Smith "retained the ability to communicate with the outside world," "maintain[ed] a relatively active role in the ongoing management of his benefits" and "sent several items of correspondence" while incarcerated. *Id.* at 6-7; *see also* Secretary's Appendix at 1-10.

## II. Incarceration alone does not constitute an extraordinary circumstance warranting equitable tolling.

Given that Mr. Smith's NOA was untimely, the Court must determine whether equitable tolling is warranted. The 120-day appeal period is subject to equitable tolling when circumstances preclude timely filing of an NOA. *See Bove v. Shinseki*, 25 Vet.App. 136, 140 (2011) (per curiam order). To benefit from equitable tolling, a claimant must demonstrate (1) an extraordinary circumstance that prevented timely filing; (2) due diligence exercised in attempting to file; and (3) a connection between the extraordinary circumstance and failure to timely file. *See Toomer v. McDonald*, 783 F.3d 1229, 1238 (Fed. Cir. 2015); *Checo v. Shinseki*, 748 F.3d 1373, 1378 (Fed. Cir. 2014); *McCreary v. Nicholson*, 19 Vet.App. 324, 332 (2005), *adhered to on reconsideration*, 20 Vet.App. 86 (2006). "Equitable tolling is not limited to a small and closed set of factual patterns," and the Court must consider equitable tolling on a "case-by-case basis," "avoiding mechanical rules," and observing "the need for flexibility." *Sneed v. Shinseki*, 737 F.3d 719, 726 (Fed. Cir. 2013) (internal quotation marks omitted). "Furthermore, it is the appellant's burden to demonstrate entitlement to equitable tolling and to produce any evidence supporting his claim for equitable tolling." *Palomer v. McDonald*, 27 Vet.App. 245, 251 (2015) (per curiam order).

The Court holds that incarceration alone, without more, does not satisfy the requirements for an extraordinary circumstance to warrant equitable tolling. *Compare Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004) (holding that equitable tolling may be warranted where a mental disability renders an appellant incapable of rational thought or deliberate decision making, incapable of handling one's own affairs, or unable to function in society), *and Checo v. McDonald*, 27 Vet.App. 105, 106-07 (2014) (finding equitable tolling warranted where the appellant was homeless and unable to receive mail), *with Palomer*, 27 Vet.App. at 252 (declining to apply equitable tolling because of the inefficiencies of the Philippine mailing system), *and McCreary*, 20 Vet.App. at 91-92 (finding that a hurricane was an extraordinary circumstance, but declining to apply equitable tolling where the circumstances surrounding the hurricane did not prevent timely filing).

Here, equitable tolling is not warranted because Mr. Smith merely asserted that DAV could not "correspond" with him within the appeal deadline set by the Board because of his incarceration. *See* Attachment to Mr. Smith's Apr. 28, 2017, NOA. Though the Court's second show cause order explicitly asked Mr. Smith to provide additional details about the circumstances of his incarceration, he failed to do so. Rather, Mr. Smith stated only that while he was incarcerated he asked the DAV representative who represented him before the Board to file his appeal to this Court, and that DAV now refuses to provide any additional information to him or his attorney. Appellant's February 28, 2018, Response at 1-2.

The Court acknowledges that incarceration may cause hardships for those wishing to file an appeal. In holding that a pro se prisoner's NOA is "filed" when delivered to prison authorities for mailing, the U.S. Supreme Court explained that the "situation of prisoners seeking to appeal without the aid of counsel is unique." *Houston v. Lack*, 487 U.S. 266, 270 (1988). "Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the . . . deadline." *Id*. at 270-71. The Supreme Court noted that "*pro se* prisoners have no control over delays between the prison authorities' receipt of the notice and its filing, and their lack of freedom bars them from delivering the notice to the court clerk personally." *Id.* at 273-74.

In contrast, here Mr. Smith neither argues nor demonstrates that his incarceration erected barriers to filing that warrant equitable tolling. *See Palomer*, 27 Vet.App. at 251 ("Furthermore, it is the appellant's burden to demonstrate entitlement to equitable tolling and to produce any evidence supporting his claim for equitable tolling."). Though he contends that DAV could not "correspond" with him within the appeal period set by the Board because of his incarceration, there is evidence that Mr. Smith received correspondence from DAV while incarcerated and to monitor his benefits repeatedly communicated with those outside his correctional facility via letter and telephone. *See* Attachment to Mr. Smith's Apr. 28, 2017, NOA (stating that while incarcerated he received correspondence from his representative before the Board); Secretary's Response at 6-7 (detailing five instances in which Mr. Smith corresponded with VA or DAV during his period of incarceration); Secretary's Appendix at 7-8 (Oct. 2015 letter from Mr. Smith to a DAV service officer: "Can you please send me [documents relating to] my headaches [] and depression claim, as we talk[ed about] over [the] phone back in Sept[ember]."). Specifically, Mr. Smith sought records from DAV in October 2015, received correspondence from his representative before the Board in November 2016, submitted a request to release records to prospective counsel in January

2016, submitted a hearing election form to the Board with additional argument in March 2016, submitted a change of address form to the RO in April 2016, and submitted a statement in support of claim asking for a copy of his claims file.[2]  *See* Secretary's Appendix at 1-10.  These communications, which took place while he was incarcerated, demonstrate that communication was not restricted enough during the appeal period to warrant tolling.

The Secretary argues that incarceration does not warrant equitable tolling because "incarceration is, by definition, a result of one's own actions," and, therefore, not a circumstance beyond one's control.  Secretary's Response at 5.  The Court rejects this argument because it is, among other things, overly broad. Just as incarceration alone does not automatically warrant equitable tolling, incarceration that results from an individual's wrongdoing does not automatically bar equitable tolling.  Decidedly, courts in this country do not view the fact that incarceration results from the individual's own actions as precluding equitable tolling.  *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 649 (2009) (noting that incarcerated appellants may be entitled to equitable tolling).

### III. Mr. Smith does not demonstrate that he exercised due diligence in trying to timely file his appeal.

Additionally, to the extent that Mr. Smith asserts that he asked his DAV representative to file his NOA with this Court, he provides no information regarding whom he specifically asked to file his NOA or whether the DAV representative agreed to represent him before the Court, even for the limited purpose of filing the NOA.  *See* Attachment to Mr. Smith's Apr. 28, 2017, NOA ("I contact[ed] my . . . DAV[] representative on March 06, 2017 and requested they appeal the decision."); *see also* U.S. VET. APP. R. 46(b)(2); NOA Form (allowing an NOA to be submitted by a representative who does not file a notice of appearance so long as the representation is limited to filing the NOA and the representative avers that the appellant has been advised of the responsibility to abide by the Court's Rules of Practice and Procedure).  Thus, Mr. Smith fails to demonstrate that the DAV representative who represented him before the Board agreed to file an NOA with this Court on his behalf.  *See Palomer*, 27 Vet.App. at 251; *see also* Attachment to Mr. Smith's Apr. 28, 2017, NOA.

Finally, the Court is not convinced that Mr. Smith exercised due diligence in ensuring that his NOA was timely filed.  Due diligence requires "reasonable diligence," not "maximum feasible diligence."  *See Checo*, 748 F.3d at 1380 (citing *Holland*, 560 U.S. at 653).  But Mr. Smith has not argued, nor does the evidence suggest, that he was reasonably diligent in trying to file his NOA.  Instead, he simply stated that he had "requested" that an appeal be filed and that he "had no reason to believe that the DAV had not filed the appeal."  Appellant's Feb. 28, 2018, Response at 2.  Notably, even if Mr. Smith could not verify that his NOA was filed, based on his numerous communications with those outside his correctional facility, he could have asked VA, DAV, or this Court to verify that an NOA had been timely filed.  Despite two opportunities to provide information on his incarceration and possible difficulties communicating, Mr. Smith was not forthcoming.  Thus, Mr. Smith has not shown that his behavior meets the requisite reasonable due

---

[2] The Court notes that the statement in support of the claim states that Mr. Smith signed it on April 19, 2017, which was after his release, but it is stamped as having been received by the RO on March 10, 2017, which was before his release.  *See* Secretary's Appendix at 9-10.

diligence necessary for equitable tolling.  *See Palomer*, 27 Vet.App. at 251; *see also Mead v. Shulkin*, 29 Vet.App. 159, 162 (2017) (noting that equitable tolling is not extended for "garden variety" neglect); *Nelson v. Nicholson*, 19 Vet.App. 548, 553 (2006).

**IV. Mr. Smith's appeal is dismissed.**

On consideration of the foregoing, it is

ORDERED that this appeal is DISMISSED.

DATED: August 24, 2018                                                    PER CURIAM.